**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LILA HONG, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| LIFELINE ANIMAL PROJECT, INC., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Lila Hong ("Plaintiff" or "Ms. Hong"), by and through undersigned counsel, hereby files her Complaint against Lifeline Animal Project, Inc. ("Defendant") and alleges as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful discrimination against her in violation of the Uniform Services Employment and Re-employment Rights Act, ("USERRA") in order to remedy unlawful employment practices on the basis of Plaintiff's service in the military, to vindicate Plaintiff's rights and the rights of other service members, and to ensure fair treatment and equal

1

opportunity to all employees who also serve in the uniformed services of the United States.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 38 U.S.C. § 4301 *et seq*. (USERRA), 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a legal resident and citizen of the United States. Plaintiff is a member of the United States Army Reserve and is a "covered employee" within the meaning of USERRA, 38 U.S.C. § 4303(3) in that she was employed by Lifeline Animal Project, Inc., an employer under the Act.

5.

Defendant is a nonprofit corporation and authorized to do business in Georgia and is a covered "employer" within the meaning of 38 U.S.C. § 4394(4) in that it is

an entity that pays wages for work and had control over employment opportunities for its employees, including Plaintiff. Defendant has conducted business within this District at all times relevant.

6.

At all such times, Plaintiff was an "employee" of Defendant as defined under USERRA.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Rebecca Guinn, 3180 Presidential Dr, Atlanta, GA, 30340.

**ADMINISTRATIVE PROCEDURES**

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on December 30, 2020.

9.

The charge of discrimination alleges claims of discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, and remains pending before the EEOC.

## FACTUAL ALLEGATIONS

### 10.

Plaintiff Lila Hong began her employment with Lifeline Animal Project on September 22, 2019 as an Associate Veterinarian.

### 11.

Plaintiff had taken time off for maternity leave from dates March 17, 2020 through May 22, 2020.

### 12.

After returning from maternity leave, Plaintiff began expressing breast milk in the office but Medical Director, Dr. Susan Brosnan, was unhappy about about Plaintiff expressing milk during her workhours.

### 13.

Plaintiff complained about the company hindering her ability to pump breast milk.

### 14.

Dr. Brosnan and Human Resources Lisa Bunce met with Plaintiff to discuss her complaints.  Plaintiff was told that it was an inconvenient that she was leaving the staff to pump her breast milk.

15.

On or about August 21, 2020, Plaintiff requested time off for mandatory annual military service in California.

16.

Defendant again displayed unhappiness with Plaintiff's request and said, "what again?"

17.

On August 23, 2020, Plaintiff commenced her annual military duty and returned on September 8, 2020.

18.

Upon her return on September 8, 2020, Plaintiff was terminated.

19.

Ms. Hong served in the United States Army Reserve. Defendant was aware of Ms. Hong's status as a reserve member of the Reserves.

20.

Ms. Hong notified Defendant when she received orders to report for active military duty.

21.

Ms. Hong's termination was done in bad faith and in direct violation of her

rights under USERRA.

22.

Defendant denied Ms. Hong reemployment because of her military service.

23.

Defendant terminated Ms. Hong because of her military service.

24.

The effect of Defendant's above-stated actions has been to deprive Ms. Hong

of employment opportunities, income in the form of wages, prospective employment

benefits, including social security and other benefits to which she would have been

entitled but for Defendant's illegal actions.

## DISCRIMINATION AND RETALIATION
## IN VIOLATION OF USERRA

25.

Plaintiff re-alleges paragraphs 1-24 as if set forth fully herein.

26.

As set out above, Plaintiff was a covered employee as that term is defined by

USERRA, specifically 38 U.S.C. § 4303(3).

27.

As a covered employee, Plaintiff was entitled to the benefits and protections

of USERRA on account of her service in the United States Army Reserves.

28.

By notifying Defendant of her orders to report for active military duty, Plaintiff gave proper notice of her need for military leave under USERRA.

29.

By intentionally terminating Plaintiff's employment on account of her absence for military, Defendant retaliated against Plaintiff on account of her exercise of her rights under USERRA and in violation of USERRA's prohibition against retaliation under 38 U.S.C. § 4311(b).

30.

Defendant's actions were committed willfully, intentionally and with reckless disregard for Plaintiff's right to be free from discrimination on account of her service in the military reserves.

31.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of his exercise of her rights under USERRA.

32.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of USERRA, as set out at 38 U.S.C. § 4323, including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

33.

Plaintiff is also entitled to liquidated damages for the violation of her rights under USERRA, 38 U.S.C. § 4323(d)(1)(C).

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

(a)     Compensatory damages, including general damages for mental and emotional suffering caused by Defendant;

(b)     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)     Liquidated damages pursuant to 38 U.S.C. § 4323 for violations alleged under Plaintiff's USERRA Claims;

(d)     Damages sufficient to make Plaintiff whole by providing for out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other

compensation denied or lost as a result of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(e)      Reasonable attorneys' fees and expenses of litigation as to all claims;

(f)      Trial by jury as to all issues;

(g)      Prejudgment interest at the rate allowed by law;

(h)      Declaratory relief to the effect that Defendant have violated Plaintiff's statutory rights;

(i)      Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendants from further unlawful conduct of the type described herein; and

(j)      All other relief to which she may be entitled.

Respectfully submitted, this 12th day of March 2021.

**BARRETT & FARAHANY**

s/ *Ian E. Smith*
Ian E. Smith
Georgia Bar No. 661492

*Attorney for Lila Hong*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com