# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LILA HONG ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action File No. |
| v. ) | 1:21-cv-01035-JPB |
| ) | |
| LIFELINE ANIMAL ) | JURY TRIAL DEMANDED |
| PROJECT, INC., ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT LIFELINE ANIMAL PROJECT, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant Lifeline Animal Project, Inc. ("Defendant"), by and through its undersigned counsel, files its Answer to Plaintiff's Complaint for Damages as follows:

## NATURE OF COMPLAINT

1.

Defendant acknowledges that Plaintiff seeks to recover the alleged remedies under the Uniform Services and Reemployment Rights Act ("USERRA"). Defendant denies the allegations in Paragraph 1 to the extent the allegations assert or imply that Defendant is liable to Plaintiff in any manner whatsoever.

## JURISDICTION AND VENUE

2.

Defendant acknowledges that Plaintiff seeks to invoke the jurisdiction of this Court. Defendant denies the allegations in Paragraph 2 to the extent the allegations assert or imply that Defendant is liable to Plaintiff in any manner whatsoever.

3.

Defendant admits the allegations in Paragraph 3 of the Complaint.

## PARTIES

4.

Defendant admits the allegations in Paragraph 4 the Complaint.

5.

Defendant admits the allegations in Paragraph 5 of the Complaint.

6.

The allegations in Paragraph 6 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

7.

Defendant admits the allegations in Paragraph 7 of the Complaint.

## ADMINISTRATIVE PROCEDURES

8.

Defendant admits the allegations in Paragraph 8 of the Complaint.

9.

Defendant admits the allegations in Paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10.

Answering Paragraph 10 of the Complaint, Defendant admits it hired Plaintiff as an Associate Veterinarian. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.

Answering Paragraph 11 of the Complaint, Defendant admits Plaintiff took time off for maternity leave from March 2020 through May 2020. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.

Answering Paragraph 12 of the Complaint, Defendant admits Plaintiff began expressing breast milk upon her return from maternity leave. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13.

Defendant denies the allegations in Paragraph 13 of the Complaint.

14.

Answering Paragraph 14 of the Complaint, Defendant admits Dr. Brosman and Ms. Bunce met with Plaintiff to discuss expressing milk. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15.

Defendant admits the allegations in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations in Paragraph 16 of the Complaint.

17.

Upon information and belief, Plaintiff commenced military duty from August 23, 2020 through September 5, 2020, returning to work on September 8, 2020.

18.

Defendant admits it terminated Plaintiff on September 8, 2020 but denies that it acted unlawful or that Plaintiff is entitled to any relief whatsoever.

19.

Defendant admits the allegations in Paragraph 19 of the Complaint.

20.

Defendant admits only that Plaintiff notified Defendant of need to attend active military duty. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.

Defendant denies the allegations in Paragraph 21 of the Complaint.

22.

Defendant denies the allegations in Paragraph 22 of the Complaint.

23.

Defendant denies the allegations in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations in Paragraph 24 of the Complaint.

**DISCRIMINATION AND RETALIATION IN VIOLATION OF USERRA**

25.

Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-24 of this Answer.

26.

Defendant admits the allegations in Paragraph 26 of the Complaint.

27.

Defendant admits the allegations in Paragraph 27 of the Complaint.

28.

Defendant denies the allegations in Paragraph 28 of the Complaint.

29.

Defendant denies the allegations in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations in Paragraph 30 of the Complaint.

31.

Defendant denies the allegations in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations in Paragraph 32 of the Complaint.

33.

Defendant denies the allegations in Paragraph 33 of the Complaint.

Defendant denies that Plaintiff is entitled to any relief whatsoever, whether sought by Plaintiff in Paragraphs (a) through (j) in the unnumbered "WHEREFORE" Paragraph immediately following Paragraph 33 or otherwise.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint that is not expressly and unequivocally admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred because Defendant did not subject Plaintiff to any form of unlawful or improper action.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because at all relevant times Plaintiff was an employee at-will of Defendant.

### FOURTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence defense.

### FIFTH DEFENSE

Plaintiff's claims may be barred to the extent Plaintiff failed to act reasonably and diligently to mitigate her damages.

## SIXTH DEFENSE

Plaintiff's claims may be barred by Plaintiff's unclean hands.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to file her civil action within the applicable limitations period.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to timely exhaust all applicable administrative remedies or otherwise satisfy all conditions precedent and/or statutory and jurisdictional prerequisites to suit required by applicable law.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel and/or waiver.

## TENTH DEFENSE

Plaintiff's claims are barred because Plaintiff's own conduct proximately caused her alleged injuries.

## ELEVENTH DEFENSE

To the extent Plaintiff asserts or attempts to assert claims other than those raised in her EEOC Charge of Discrimination, for which a Notice of Right to Sue

has been issued, such claims are barred by Plaintiff's failure to fulfill all the conditions precedent to maintaining such claims.

## TWELFTH DEFENSE

All actions taken by Defendant affecting Plaintiff and/or the terms or conditions of her employment were taken for legitimate, non-discriminatory reasons and, as such, did not violate any legal rights possessed by Plaintiff. In the alternative, even if Plaintiff is able to demonstrate that discrimination played a motivating part in any action at issue in this case, which it did not, the same action would have been taken for legitimate, non-discriminatory reasons.

## THIRTEENTH DEFENSE

At all times, Defendant acted in accordance with and in good faith compliance with all federal and state laws. Defendant has a well-disseminated and consistently enforced policy against discrimination, and a reasonable and available procedure for receiving and investigating complaints. To the extent Plaintiff unreasonably failed to use or otherwise avail herself of these policies, procedures and preventive or corrective mechanisms, her claims are barred.

## FOURTEENTH DEFENSE

Defendant has at all times acted in good faith compliance with all federal and state laws. Defendant has neither intentionally nor willfully violated Plaintiff's

rights in any manner nor otherwise acted maliciously or negligently with respect to Plaintiff or any aspect of his employment. At no time did Defendant act with intent to injure Plaintiff or with any malice or reckless indifference towards Plaintiff or her employment in any respect; and Defendant, therefore, cannot be held liable for punitive or liquidated damages.

## FIFTEENTH DEFENSE

Any claim of discrimination is barred, and any recovery of damages is precluded, because Defendant exercised reasonable care to prevent and promptly correct any unlawful behavior. No acts attributable to Defendant were taken with malice or willfulness.

## SIXTEENTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the types or amount allowed by law.

## SEVENTHEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages Plaintiff allegedly suffered are too remote to form the basis for any recovery against Defendant.

## EIGHTEENTH DEFENSE

Defendant reserves the right to amend or add any additional defenses or

affirmative defenses or counterclaims which become known during the course of this action.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests:

(1) Judgment entered in favor of Defendant and this action dismissed with prejudice;

(2) Judgment entered in favor of Defendant for all costs and attorneys' fees incurred by it in the defense of this action; and

(3) Defendant recover such other and further relief as this Court may deem just and proper.

Respectfully submitted this 7th day of May, 2021.

>*/s/ David A. Hughes*
>David A. Hughes
>Georgia Bar No. 375618
>Jason B. Malone
>Georgia Bar No. 857777
>David.Hughes@jacksonlewis.com
>Jason.Malone@jacksonlewis.com
>**JACKSON LEWIS, P.C.**
>171 17th Street N.W.
>Suite 1200
>Atlanta, Georgia 30363
>Telephone: (404) 525-8200
>Facsimile: (404) 525-1173
>
>**COUNSEL FOR DEFENDANT**

## **CERTIFICATION**

In accordance with LR 5.1C, N.D. Ga., I hereby certify that this document has been prepared in 14 point, Times New Roman font.

<i><u>/s/ David A. Hughes</u></i><br>
David A. Hughes

# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LILA HONG ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | 1:21-cv-01035-JPB |
| ) | |
| LIFELINE ANIMAL ) | JURY TRIAL DEMANDED |
| PROJECT, INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I certify that on May 7, 2021, I electronically filed the foregoing **DEFENDANT LIFELINE ANIMAL PROJECT, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ian E. Smith
Barrett & Farahany
1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309

                                                */s/ David A. Hughes*
                                                David A. Hughes